FILED
HARRISBURG, PA

JUN 2 7 2012

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

Joseph Alex Martin
Plaintiff

v.                                CIVIL CASE NUMBER: 1:12-CV-1229

Allied Data Corporation           Judge Jones
Defendant

## COMPLAINT

1. The plaintiff, Joseph Alex Martin, a citizen of the County of Cumberland, State of Pennsylvania, residing at 66 E St, Apt #3, Carlisle, PA 17013, wishes to file a complaint under the Fair Debts Collection Practices Act (15 U.S.C. § 1692, et seq. hereinafter "FDCPA").

2. The defendant is Allied Data Corporation, a Texas Corporation with a business address of 13111 Westheimer Rd, #400, Houston, TX 77077.

3. STATEMENT OF CLAIM: At 12:15 pm on Tuesday, February 7th, 2012, an unknown caller using the phone number 281-558-7176 called the plaintiff on plaintiff's cellular telephone, at the plaintiff's expense.

The calling party did not identify themselves, or the company who they were working for. Even if the defendant's agent did not know who they were speaking with, under the FDCPA, they are required to identify themselves, and when asked who they are employed by the name of their employer.

The FDCPA requires that a debt collector provide notice to consumer's within 5 days of their initial communications of their rights to dispute the debt that the debt collector is alleging to be collecting. The defendant provided no such notice to the plaintiff.

The FDCPA also prohibits the defendants from causing charges to be incurred by the consumer for the receipt of their communications, without meaningful disclosure of the collection purpose for said communications; charges were incurred for their call to the plaintiff's cellular telephone, and there was no disclosure that the purpose of the communications was for a collection purpose.

The FDCPA requires that a debt collector provide notice to consumer's that the communication is an attempt to collect a debt, and any information obtained will be used for that purpose. The defendant provided no such notice to the plaintiff.

At 3:56 pm on Monday, February 13th, 2012, an unknown caller using the phone number 281-558-7176 called the plaintiff on plaintiff's cellular telephone, at the consumer's expense.

Again, the calling party did not identify themselves, or the company who they were working for. Even if the defendant's agent did not know who they were speaking with, under the FDCPA, they are required to identify themselves, and when asked who they are employed by the name of their employer.

At 4:43 pm on Monday, February 20th, 2012, an unknown caller using the phone number 281-558-7176 called the plaintiff on plaintiff's cellular telephone, at the consumer's expense.

Again, the calling party did not identify themselves, or the company who they were working for. Even if the defendant's agent did not know who they were speaking with, under the FDCPA, they are required to identify themselves, and when asked who they are employed by the name of their employer.

After plaintiff spent considerable time to discover who the owner of the 281-558-7176 phone number was the plaintiff drafted a letter to the attention of Mr. Robert M. Blair at the defendant's company.

At 1:36 pm on Wednesday, February 22nd, 2012, plaintiff faxed said letter which stated: "This letter is to demand to an end of your company's harassment campaign.

Your company called at 12:15 pm on Tuesday, February 7th, 2012.

Your company called at 3:56 pm on Monday, February 13th, 2012.

Your company called at 4:43 pm on Monday, February 20th, 2012.

Under the Fair Debts Collection Practices Act, your company is required to provide within 5 days of the initial communication, a notice of my rights to validation of any alleged debt which your company is alleging to be collecting on.

As such, your company was required by law to provide said notice within 5 days of Tuesday, February 7th, 2012. Your company has chosen, in violation of federal law, to not do so.

In addition to choosing to not comply with Federal Law in the matter of providing the notice of validation rights, your company has chosen to continue communicating with me in a manner that results in charges for said communications, without the notice that the purpose of said calls is for a collection purpose, in violation of the Fair Debts Collection Practices Act.
Attached please find a copy of the lawsuit against your company that I intend to file in the United States District Court for the Middle District of Pennsylvania, Harrisburg Division.

This letter is hereby notification that any alleged debt that your company is alleging to be collecting on is hereby disputed in its entirety, and comprehensive documentation is hereby being demanded in accordance with the Fair Debts Collection Practices Act.

This letter is hereby notification that any communications, except for written communications are inconvenient in accordance with the Fair Debts Collection Practices Act."

At 2:28 pm on Wednesday, February 22nd, 2012, an unknown caller using the phone number 281-558-7176 called the plaintiff on plaintiff's cellular telephone, at the consumer's expense.

Again, the calling party did not identify themselves, or the company who they were working for. Even if the defendant's agent did not know who they were speaking with, under the FDCPA, they are required to identify themselves, and when asked who they are employed by the name of their employer.

At 2:29 pm on Wednesday, February 22nd, 2012, the plaintiff called the defendant's office, and asked to speak with Mr. Robert M Blair, personally. The plaintiff advised Mr. Blair of the fax which was sent to his attention, as well as the ongoing harassment which was continuing despite the fact that the plaintiff had advised the defendant that communications except for written communications were inconvenient.

For the phone call at 2:28 pm on Wednesday, February 22nd, 2012, the defendant continued collection activity on an non-validated account, and engaged in communications that the defendant knew were inconvenient to the plaintiff, and communicated in a way that the defendant knew was at the expense of the plaintiff, in violation of the FDCPA.

4. WHEREFORE, plaintiff prays that the defendant be ordered to pay to the plaintiff, damages in the amount of $1,000.00 for the violation of the FDCPA.

The plaintiff therefore prays for additional damages for harassment, in whatever amount the court determines to be fair and equitable in this matter.

The plaintiff prays for a trial by jury.

*Joseph Alex Martin*
Joseph Alex Martin
Plaintiff

Friday, June 15, 2012